UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  **09-CV-61248-Moore-Simonton**

CRAIG HAUSER AND
KASIE L. STEINBERG,

      Plaintiffs,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

      Defendant.

_____/



FILED by ___VT___ D.C.
ELECTRONIC

**August 12, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
### JURY DEMAND

1.    Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act,

Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act,

47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15

U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and

Defendant placed telephone calls into this District.

## PARTIES

3.     Plaintiff, CRAIG HAUSER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida. CRAIG HAUSER is the father-in-law of Plaintiff, KASIE L. STEINBERG.

4.     Plaintiff, KASIE L. STEINBERG, is a natural person, and citizen of the State of Florida, who resides in Broward County, Florida.

5.     Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC., is a corporation, and citizen of the State of Pennsylvania, with its principal place of business at Suite 300, E Street Road, Trevose, PA 19053.

6.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendant regularly collects or attempts to collect debts for other parties.

8.     Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff, CRAIG HAUSER, an alleged debt arising from transactions incurred for personal, family or household purposes.

10.    Plaintiff, KASIE L. STEINBERG, is not obligated for the alleged debt.

2

11.     Defendant left the following messages, addressed to Plaintiff, CRAIG

HAUSER, on Plaintiff, KASIE L. STEINBERG voice mail, as indicated, on or

about the dates stated:

July 22, 2008 – KASIE L. STEINBERG's Cellular Phone
This message is for Craig Hauser. This is Valencia Ellison. My number is
866-881-7583. I am calling in regard to a business matter. My number again
is 866-881-7583.

July 24, 2008 – KASIE L. STEINBERG's Cellular Phone
I am trying to reach Craig Hauser. My name is Paul. The number is
866-334-5212.

July 25, 2008 – KASIE L. STEINBERG's Cellular Phone
Message is for Craig Hauser. Please call Carl Elms when you get in at 1-
866-224-5242. 1-866-224-5242.

July 26, 2008 – KASIE L. STEINBERG's Cellular Phone
This message is for Craig Hauser. Craig, please contact Rosilyn Richardson
at 866-320-1590. Thank you.

July 29, 2008 – KASIE L. STEINBERG's Cellular Phone
Message is for Craig Hauser. Please call Carl Elms when you get in at 1-
866-224-5242. 1-866-224-5242 before 9 PM Eastern time this evening, the
29th of July.

July 30, 2008 – CRAIG HAUSER's Home Phone
This message is for Craig Hauser. My name is Rhonda Willis. It is essential
you give me a call back at my office. My number is 866-887-2942. Again
the number is 866-887-2942. Thank you.

July 31, 2008 – CRAIG HAUSER's Home Phone
This message is for Craig Hauser. My name is Rhonda Willis. It is essential
I speak with you. My number is 866-887-2942. Again the number is 866-
887-2942. Thank you.

July 31, 2008 – KASIE L. STEINBERG's Cellular Phone

3

This message is for Craig Hauser. My name is Rhonda Willis. It is essential I speak with you. If you can contact my office, that would be great. My number is 866-887-2942. Again the number is 866-887-2942. Thank you.

August 4, 2008 – CRAIG HAUSER's Home Phone
Message is for Craig Hauser. Please call Carl Elms when you get in at 1-866-224-5242. 1-866-224-5242.

August 5, 2008 – CRAIG HAUSER's Home Phone
This message is for Craig. My name is Rhonda Willis. It is essential I speak with you. My number is 866-887-2942. Again the number is 866-887-2942.

August 12, 2008 – CRAIG HAUSER's Home Phone
This message is for Craig Hauser. My name is Rhonda Willis. It is imperative you return my call. This is my third attempt to contact you. My number is 866-887-2942 in regards to reference number FTJ043. Again on reference number FTJ043. Return the call.

August 21, 2008 – KASIE L. STEINBERG's Cellular Phone
Please continue holding and a representative will be with you shortly. Press 1 if you wish to continue holding.

August 22, 2008 – KASIE L. STEINBERG's Cellular Phone
Please continue holding and a representative will be with you shortly. Press 1 if you wish to continue holding.

August 26, 2008 – KASIE L. STEINBERG's Cellular Phone
Please continue holding and a representative will be with you shortly. Press 1 if you wish to continue holding.

August 28, 2008 – KASIE L. STEINBERG's Cellular Phone
This call is for Craig Hauser. Craig, this is Cheryl. Give me a call at 866-786-2641 in reference to a legal business matter that needs your immediate attention. I can be reached at 866-786-2641 Monday through Friday 8 AM till 9 PM. Please give me a call. Thanks.

August 29, 2008 – KASIE L. STEINBERG's Cellular Phone
(Text Message received from Defendant)

12.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant's messages to KASIE L. STEINBERG are indirect communications with CRAIG HAUSER.

15.     Defendant failed to inform Plaintiffs that the communications were from a debt collector and failed to disclose the purpose of Defendant's messages.

16.     Defendant placed an excessive number of calls to Plaintiffs.

17.     Defendant created a false sense of urgency in the messages.

18.     Plaintiff, KASIE L. STEINBERG, heard Defendant's messages left on her voice mail.

19.     Plaintiff, CRAIG HAUSER, did not authorize Defendant to communicate with his daughter-in-law, KASIE L. STEINBERG.

20.     No court authorized Defendant to communicate with Plaintiff's daughter-in-law.

21.     Defendant knew it was required to disclose it is a debt collector and the purpose of its communication in its telephone messages.

22.     Defendant used an automatic telephone dialing system and or a pre-recorded or artificial voice to place telephone calls to Plaintiff, KASIE L. STEINBERG.

23.     Plaintiff, KASIE L. STEINBERG, did not expressly consent to Defendant's placement of telephone calls by the use of an automatic telephone dialing system and or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24.     None of Defendant's telephone calls were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25.     Defendant willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

26.     Plaintiffs incorporate Paragraphs 1 through 25.

27.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff, CRAIG HAUSER, requests that the Court enter judgment in her favor and against Defendant for:

a.     Damages;

6

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

28.      Plaintiffs incorporate Paragraphs 1 through 25.

29.      Defendant placed telephone calls to Plaintiffs without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

**COUNT III**
**EXCESSIVE CALLING IN VIOLATION OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT**

30.      Plaintiffs incorporate Paragraphs 1 through 25.

7

31.     Defendant caused Plaintiff KASIE L. STEINBERG's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff, KASIE L. STEINBERG, requests that the Court enter judgment in his favor and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE SENSE OF URGENCY

32.     Plaintiffs incorporate Paragraphs 1 through 25.

33.     Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff, CRAIG HAUSER, requests that the Court enter judgment in her favor and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

## COUNT V
## THIRD-PARTY COMMUNICATION IN VIOLATION OF 15 U.S.C §1692c(b)

8

34.     Plaintiffs incorporate Paragraphs 1 through 26.

35.     Defendant communicated with a third-party, KASIE L. STEINBERG, without CRAIG HAUSER's prior consent in connection with the collection of the alleged debt in violation of 15 U.S.C §1692c(b).

WHEREFORE, Plaintiff, CRAIG HAUSER, requests that the Court enter judgment in her favor and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT VI
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS

36.     Plaintiffs incorporate Paragraphs 1 through 25.

37.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system and or a pre-recorded or artificial voice in placing telephone calls to KASIE L. STEINBERG's cellular telephone to which KASIE L. STEINBERG had not consented, in violation of 15 U.S.C §1692d.

38.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using a pre-recorded or artificial voice in placing

9

telephone calls to KASIE L. STEINBERG's residential telephone to which KASIE L. STEINBERG had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff, KASIE L. STEINBERG, requests that the Court enter judgment in his favor and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT VIII**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

39.    Plaintiffs incorporate Paragraphs 1 through 25.

40.    By failing to disclose that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff, KASIE L. STEINBERG's cellular to which KASIE L. STEINBERG had not consented, and by telephoning Plaintiffs with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

      a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

**COUNT IX**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

41.    Plaintiffs incorporate Paragraphs 1 through 25.

42.    Defendant placed non-emergency telephone calls to Plaintiff, KASIE L. STEINBERG's cellular telephone using an automatic telephone dialing system and or pre-recorded or artificial voice without his prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

43.    Defendant placed non-emergency telephone calls to Plaintiff, KASIE L. STEINBERG's residential telephone using a pre-recorded or artificial voice without his prior express consent in violation of 47 U.S.C § 227 (b)(1)(B).

WHEREFORE, Plaintiff, KASIE L. STEINBERG, requests that the Court enter judgment in his favor and against Defendant for:

a.    Damages; and

b.    Such other or further relief as the Court deems proper.

**COUNT X**
**DECLARATORY AND INJUNCTIVE RELIEF**

44.    Plaintiffs incorporate Paragraphs 1 through 25.

45.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiffs seek a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

11

46.     The FCCPA provides for equitable relief including injunctive relief.

*Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

47.     Plaintiffs seek a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

48.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiffs seek a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiffs request that the Court enter judgment:

      a.     declaring that Defendant's practices violate the TCPA and the FCCPA;

      b.     permanently injoining Defendant from engaging in the violative practices; and

      c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this ___/ ↙ day of August, 2009.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                donyarbrough@mindspring.com

By:_____
       Donald A. Yarbrough, Esq.
       Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Craig Hauser and Kasie L. Steinberg | AllianceOne Receivables Management, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

*0:09CV 61248-Moore - Simonton*

**(d)**    CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | |
|---|---|---|---|---|---|
| | | PTF DEF | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | PTF | DEF |
| ☐ 1. U.S. Government Plaintiff ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | Incorporation and Principal Place of Business in This State | | ☐ 1 | ☐ 1 |
| | Citizen of Another State ☐ 2 ☐ 2 | Incorporation and Principal Place of Business in Another State | | 2 | 2 |
| ☐ 2. U.S. Government Defendant ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen or Subject of a Foreign Country ☐ ☐ 3 3 | Foreign Nation | | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

| NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|
| **A CONTRACT** | **A TORTS** | **B FORFEITURE PENALTY** | **A BANKRUPTCY** | **A OTHER STATUS** |
| ☐ 110  Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120  Marine | ☐ 310 Airplane ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130  Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personel Injury | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210  Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220  Foreclosure | ☐ 442 Employment | ☐ 530 General* | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230  Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240  Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245  Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290  All Other Real Property | | | | |

| VI. ORIGIN (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4 Refiled ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P 23 | CLASS ACTION No | DEMAND $ N/A | ☐ Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE _____    DOCKET NUMBER _____

DATE: August 1, 2009    SIGNATURE OF ATTORNEY OF RECORD

*547169*

| UNITED STATES DISTRICT COURT | FOR OFFICE ONLY: Receipt No. _547169_ | Amount _350.00_ |
|---|---|---|
| S/F 1-2 REV. 9/94 | Date Paid: _____ | M/ifp: _____ |